IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>)<br>APPROXIMATELY TWELVE )<br>THOUSAND ( $12,000) DOLLARS IN )<br>UNITED STATES CURRENCY, )<br>)<br>)<br>DEFENDANT(S). ) | CIVIL ACTION NO.: 2:07-cv-687-ID |

### ANSWER AND VERIFIED STATEMENT IDENTIFYING INTEREST IN SEIZED PROPERTY

COMES NOW Derrick W. Davis ( hereinafter Claimant) and in answer to the Verified Complaint for the Forfeiture in Rem filed by the United States in this matter says as follows:

### RESPONSE TO SPECIFIC ALLEGATIONS

1. Claimant admits the allegations of paragraph 1 with the exception that Claimant denies any alleged violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq.

2. Claimant admits the allegations of paragraph 2.

3. Claimant admits the allegations of paragraph 3.

4. Claimant admits the allegations of paragraph 4.

5. a. Claimant admits that he was in the parking lot of the Holiday Inn Express, but denies that he was involved in any drug transaction and demands strict proof thereof.

    b.    Claimant admits the allegations of paragraph 5 b.

    c.    Claimant admits that a handgun was in the vehicle. The claimant denies that the Magnum contained a strong odor of raw marijuana. The claimant denies having any knowledge of residue.

    d.    Claimant admits the allegations of paragraph 5 d.

    e.    Claimant denies any involvement of trafficking cocaine of paragraph 5 e and demands strict proof thereof.

    f.    Claimant admits the allegations in paragraph 5 f.

    g.    Claimant can neither admit nor deny the allegations in paragraph 5 g.

    h.    Claimant can neither admit nor deny the allegations in paragraph 5 h with the exception that Alton Rivers is not a criminal associate of Claimant.

    i.    Claimant can neither admit nor deny the allegations of paragraph 5 i with the exception that Rivers and Kionne Edward Johnson are not criminal associates of Claimant.

    j.    Claimant admits the allegations in paragraph 5 j.

    k.    Claimant denies the allegations of paragraph 5 k and demands strict proof thereof.

### FIRST DEFENSE

The Claimant specifically denies that any activity on his part caused and/or contributed in any manner whatsoever to allegations alleged in the complaint.

### SECOND DEFENSE

The Claimant asserts the innocent owner defense.

### THIRD DEFENSE

The Claimant asserts a legitimate source defense and that the seized property is not illegitimate proceeds.

### FOURTH DEFENSE

The Claimant asserts the defense of insufficient nexus pertaining to the Claimant and the assets which are the basis of the Complaint for the Forfeiture In Rem.

### FIFTH DEFENSE

The Claimant asserts that the seizing and/or taking of the assets is a violation of the Eighth Amendment, Excessive Fines Clause, of the United States Constitution.

### DEFENSES RESERVED

The Claimant hereby gives notice that they intend to rely upon any other defense that may become available and/or apparent during discovery and hereby reserve the right to amend his Answer and assert any such defenses. Following the conclusion of discovery, Claimant reserves the right to withdraw any defense, where applicable, as well as to assert any and all cross-claims and/or counterclaims dictated by the facts of this case at any time.

### PRAYER FOR RELIEF

Having fully answered the allegations of the Complaint and having set forth its defenses, Defendant respectfully prays that:

1. The Complaint be dismissed and Defendant recover said money from Plaintiff;
2. Judgment be entered in favor of Defendant and against Plaintiff;
3. The Court award Defendant its costs of litigation, including reasonable attorney's fees; and

4. The Court grant such other and further relief to Defendant as it deems just and proper.

Respectfully submitted this 30th day of August, 2007.

*/s/ Dustin J. Fowler*
Dustin J. Fowler (FOW17)
Attorney for Claimant, Derrick W. Davis
Buntin, Etheredge, & Dowling LLC
185 N. Oates Street
Dothan, Alabama 36301

**Claimant's Verified Statement Identifying Interest or Right in Property**

Derrick W. Davis hereby claims ownership of all the United States currency found on him, approximately twelve thousand ($12,000) dollars on January 18, 2007, which is the subject of this action. Claimant asserts that the currency was not furnished to any person in exchange for a controlled substance, is not proceeds traceable to an exchange of a controlled substance, and proceeds are not from any illegal transaction. Claimant alleges that he is the sole owner of the currency and that no other person, firm, or corporation has any interest in the currency. Claimant avers that the currency was acquired through legitimate and legal means.

*/s/ Dustin J. Fowler*
Dustin J. Fowler (FOW17)
Attorney For Claimant, Derrick W. Davis

OF COUNSEL:
Buntin, Etheredge, & Dowling, LLC
185 N. Oates Street
Dothan, Alabama 36301
334-793-3377

## VERIFICATION

I, Derrick W. Davis, hereby verify on oath that I have read the foregoing Answer and Verified Statement Identifying Interest in Seized Property and that the contents thereof are true and correct to the best of my knowledge, information and belief.

*Derrick W. Davis*
Derrick W. Davis

**SWORN TO AND SUBSCRIBED** before me this the 30th day of August, 2007.

*Tiffany A. Campbell*
NOTARY PUBLIC 03-09-2009

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    John Harmon
    United States Attorney
    Middle District of Alabama
    131 Clayton Street
    Montgomery, Al 36101-0197

                                           s/ Dustin J. Fowler (FOW017)

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | CIVIL ACTION NO.: 2:07-cv-687-ID |
| ) | |
| v. ) | |
| ) | |
| APPROXIMATELY TWELVE ) | |
| THOUSAND ($12,000) DOLLARS IN ) | |
| UNITED STATES CURRENCY, ) | |
| ) | |
| DEFENDANT(S). ) | |

### ANSWER AND VERIFIED STATEMENT IDENTIFYING INTEREST IN SEIZED PROPERTY

COMES NOW Derrick W. Davis (hereinafter Claimant) and in answer to the Verified Complaint for the Forfeiture in Rem filed by the United States in this matter says as follows:

### RESPONSE TO SPECIFIC ALLEGATIONS

1. Claimant admits the allegations of paragraph 1 with the exception that Claimant denies any alleged violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq.

2. Claimant admits the allegations of paragraph 2.

3. Claimant admits the allegations of paragraph 3.

4. Claimant admits the allegations of paragraph 4.

5. a. Claimant admits that he was in the parking lot of the Holiday Inn Express, but denies that he was involved in any drug transaction and demands strict proof thereof.

  b.  Claimant admits the allegations of paragraph 5 b.

  c.  Claimant admits that a handgun was in the vehicle. The claimant denies that the Magnum contained a strong odor of raw marijuana. The claimant denies having any knowledge of residue.

  d.  Claimant admits the allegations of paragraph 5 d.

  e.  Claimant denies any involvement of trafficking cocaine of paragraph 5 e and demands strict proof thereof.

  f.  Claimant admits the allegations in paragraph 5 f.

  g.  Claimant can neither admit nor deny the allegations in paragraph 5 g.

  h.  Claimant can neither admit nor deny the allegations in paragraph 5 h with the exception that Alton Rivers is not a criminal associate of Claimant.

  i.  Claimant can neither admit nor deny the allegations of paragraph 5 i with the exception that Rivers and Kionne Edward Johnson are not criminal associates of Claimant.

  j.  Claimant admits the allegations in paragraph 5 j.

  k.  Claimant denies the allegations of paragraph 5 k and demands strict proof thereof.

### FIRST DEFENSE

The Claimant specifically denies that any activity on his part caused and/or contributed in any manner whatsoever to allegations alleged in the complaint.

### SECOND DEFENSE

The Claimant asserts the innocent owner defense.

### THIRD DEFENSE

The Claimant asserts a legitimate source defense and that the seized property is not illegitimate proceeds.

### FOURTH DEFENSE

The Claimant asserts the defense of insufficient nexus pertaining to the Claimant and the assets which are the basis of the Complaint for the Forfeiture In Rem.

### FIFTH DEFENSE

The Claimant asserts that the seizing and/or taking of the assets is a violation of the Eighth Amendment, Excessive Fines Clause, of the United States Constitution.

### DEFENSES RESERVED

The Claimant hereby gives notice that they intend to rely upon any other defense that may become available and/or apparent during discovery and hereby reserve the right to amend his Answer and assert any such defenses. Following the conclusion of discovery, Claimant reserves the right to withdraw any defense, where applicable, as well as to assert any and all cross-claims and/or counterclaims dictated by the facts of this case at any time.

### PRAYER FOR RELIEF

Having fully answered the allegations of the Complaint and having set forth its defenses, Defendant respectfully prays that:

1. The Complaint be dismissed and Defendant recover said money from Plaintiff;
2. Judgment be entered in favor of Defendant and against Plaintiff;
3. The Court award Defendant its costs of litigation, including reasonable attorney's fees; and

4. The Court grant such other and further relief to Defendant as it deems just and proper.

Respectfully submitted this 30th day of August, 2007.

*/s/ Dustin J. Fowler*
Dustin J. Fowler (FOW17)
Attorney for Claimant, Derrick W. Davis
Buntin, Etheredge, & Dowling LLC
185 N. Oates Street
Dothan, Alabama 36301

**Claimant's Verified Statement Identifying Interest or Right in Property**

Derrick W. Davis hereby claims ownership of all the United States currency found on him, approximately twelve thousand ($12,000) dollars on January 18, 2007, which is the subject of this action. Claimant asserts that the currency was not furnished to any person in exchange for a controlled substance, is not proceeds traceable to an exchange of a controlled substance, and proceeds are not from any illegal transaction. Claimant alleges that he is the sole owner of the currency and that no other person, firm, or corporation has any interest in the currency. Claimant avers that the currency was acquired through legitimate and legal means.

*/s/ Dustin J. Fowler*
Dustin J. Fowler (FOW17)
Attorney For Claimant, Derrick W. Davis

OF COUNSEL:
Buntin, Etheredge, & Dowling, LLC
185 N. Oates Street
Dothan, Alabama 36301
334-793-3377

## VERIFICATION

I, Derrick W. Davis, hereby verify on oath that I have read the foregoing Answer and Verified Statement Identifying Interest in Seized Property and that the contents thereof are true and correct to the best of my knowledge, information and belief.

*Derrick W. Davis*
Derrick W. Davis

**SWORN TO AND SUBSCRIBED** before me this the 30th day of August, 2007.

*Tiffany A. Campbell*
NOTARY PUBLIC   03-09-2009

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John Harmon
United States Attorney
Middle District of Alabama
131 Clayton Street
Montgomery, Al 36101-0197

s/ Dustin J. Fowler (FOW017)