IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CIVIL ACTION NO.: 2:07-cv-687-ID |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| APPROXIMATELY TWELVE ) | |
| THOUSAND ($12,000) DOLLARS IN ) | |
| UNITED STATES CURRENCY ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT / CLAIMANT'S MOTION FOR SUMMARY JUDGEMENT

I.  INTRODUCTION

*Statement of Case*

On January 18, 2007, the Dothan Police Department (hereinafter "DPD") allegedly received information that a black male in a white Chevrolet Suburban and two black males in a tan Dodge Magnum were allegedly involved in a drug transaction in the rear parking lot of the Holiday Inn Express, located at 3071 Ross Clark Circle, Dothan, Alabama.

Upon arrival at the scene, detectives made contact with the claimant, Derrick Davis, the driver of the Magnum. A DPD detective observed a handgun lying on the driver's floorboard. Mr. Davis acknowledge that he had a handgun on the floorboard of the car. Davis also stated he had a gun permit in the car but it was not located.

The DPD allege that the Magnum contained a "strong odor" of raw marijuana, but the DPD only claim that a residue was discovered. The DPD proceeded to pat down Davis and

found a large bulge of money in his pocket from his income tax return. Davis later stated that some of the money came from s business, Club Rio. Davis was then arrested for drug and weapons charges.

The DPD detectives identified rooms 247 and 249 at the Holiday Inn Express as being related to the investigation. On January 19, 2007, a State of Alabama search warrant was executed at each room. The DPD then claim that they brought in a canine ( trained to detect the presence of illegal drugs) alerted to the presence of drugs within the rooms. The DPD claims a strong odor of raw marijuana was in room 249 and a set of digital scales and miscellaneous paperwork was seized therein. The DPD claim that room 249 was rented by Alton Rivers, who they claim is a known drug trafficker in the area, and a criminal associate of Davis, yet they have presented no proof of these alleged allegation more than mere speculation.

The DPD allege that room 247 contained a strong odor of raw marijuana, two large plastic gallon-size zip-lock bags containing marijuana residue, a set of digital scales and two boxes of plastic sandwich bags seized therein. During the search of a closet, three stacks of money were seized from clothing. Two stacks totaled approximately $ 5,000.00 each and one stack totaled approximately $ 4,000.00. Room 247 was rented by Kionne Edwards Johnson, who they allege is a known drug trafficker in the Dothan area, and they allege is a criminal associate of Rivers and Davis.

On or about May 1, 2007, Davis filed a claim asserting ownership of the Defendant currency. Davis has a legitimate source for his currency and the allegations by the DPD and others involved are no more than erroneous statements devoid of the truth.

## II. DISCUSSION

### A. The Summary Judgment Standard

A motion for summary judgment is authorized under federal law. *see Fed. R. Civ. Proc. 56.* It permits a court to make a finding that there is no genuine issue of material fact to be resolved and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Even if an entire case is not capable of being resolved by summary judgment, the Court is empowered to enter a summary adjudication on those issues. *See Fed. R. Civ. Proc. 56(d); United States v. Route 2, Box 472, 136 Acres More or Less,* 60 F.3d 1523, 1526 (11th Cir. 1995). A summary judgment is based on declarations or affidavits of witnesses with personal knowledge of the facts, and other admissible evidence, including civil discovery responses to interrogatories, depositions, and request for admissions. *See Fed. R. Civ. Pro. 56(e).* A responding party must vigorously defend the motion and not merely deny allegations in the pleadings but present affidavits or other evidence containing specific facts demonstrating that there is a genuine issue for trial, or judgment will be entered against him. *See Fed. R. Civ. Pro. 56(e).* Conclusory assertions and mere denials do not raise genuine issue of fact, and a party opposing summary judgment "must present affirmative evidence." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986); *United States v. One Parcel of Property Located at 15 Black Ledge Drive Marlboro, Connecticut,* 897 F.2d 97, 101 (2d Cir. 1990). To be material, a genuine issue must relate to facts that, if proved, would as a matter of law enable the party opposing summary judgment to prevail on the merits of the case. *See United States v. Real Property in Mecklenburg County,* 814 F. Supp. 468 473 (W.D. N.C. 1993).

B.   **There is insufficient nexus between the money taken from Mr. Davis and criminal activity.**

A claimant need only establish affirmative defenses by a preponderance of the evidence. *See United States v. One Parcel (2526 Faxon Avenue),* 145 F. Supp. 2d 942, 951. One method of defeating a forfeiture action is by demonstrating that there is insufficient evidence to prove that the property was involved in criminal activity. *See United States v. $ 557,933.89 More or Less in U.S. Funds,* 287 F.3d 66, 77 (2d Cir. 2002). Unless there is a nexus between the seized property and the alleged criminal activity, the forfeiture will fail. *See United States v. $ 30, 060.00,* 39 F.3d 1039, 1044 (9th Cir. 1994).

There is no nexus establishing the money taken from Mr. Davis and any criminal activity. Mr. Davis was in a parking lot of a hotel on the date of the seizure. The Plaintiff claims they received an "anonymous" telephone call which gave information about drug transactions involving the vehicle and the location. (*See Defendant's Exhibit "A"*). The Defendant will try and rely on the fact that drugs were found in two (2) rooms at the location on January 19, 2007; however, this reliance is fatally flawed. ( Verified Compl. at ¶ 5 (g)). The Defendant has no proof that Mr. Davis was ever in the rooms or if he rented the rooms. In addition, the seizure of the property in question occurred on January 18, 2007, and law enforcement did not search the room until January 19, 2007, after the arrest and seizure from Mr. Davis. *Id.*

The Plaintiff will attempt and argue that the vehicle Mr. Davis was driving contained a strong raw odor of marijuana and a residue amount of marijuana was discovered. ( Verified Compl. at ¶ 5 (c)). These arguments fail for multiple reasons. First, the vehicle Mr. Davis was driving was not his vehicle. Secondly, law enforcement claim that the vehicle contained a strong odor of raw marijuana, yet only residue was found in the actual vehicle. Finally, a passenger in

the vehicle had a small plastic bag of marijuana in his pocket. Mr. Davis had no knowledge or anyway of knowing what the passenger had in his pocket. *(See Defendant's Exhibit "A")*.

The Plaintiff alleges that the Defendant was identified as being involved in a Drug Enforcement Administration (hereinafter, "DEA") case for trafficking cocaine. (Verified Compl. at ¶ 5 (e)). The Plaintiff further claims that Rooms 249 and 247 at the location where drugs where found, was rented by Alton Rivers and Kionne Edward Johnson, known drug traffickers in the Dothan area, ,and criminal associates of Mr. Davis. (Verified Compl. at ¶ 5(h) and ¶ 5 (i)). The Defendant has never been arrested for drug trafficking and there is no proof beyond mere speculation by the Plaintiff that Mr. Davis is a criminal associate of a Kionne Edward Johnson and Alton Rivers. The allegations and statements which the Plaintiff relies on are speculative at best, which cannot be considered evidence.

Accordingly, no nexus can be established linking the money taken from Mr. Davis on January 18, 2007, to any criminal activity as alleged by the Plaintiff.

C.  **Mr. Davis has a legitimate source for the money taken from his person.**

Another defense is that the seized funds had an independent innocent source and are not traceable to criminal activity. *See United States v. $215,300 United States Currency*, 882 F.2d 417, 420 (9th Cir. 1989). Employment and business income may be proffered as a independent innocent source. *See United States v. Property at 2323 Charms Road*, 726 F. Supp. 164, 169 (E.D. Mich. 1989); *United States v. 228 Acres of Land*, 916 F.2d 808, 812-13 (2d Cir. 1990); *United States v. Miscellaneous Jewelry*, 667 F. Supp. 232, 240-41 (D. Md. 1987); *United States v. $ 22, 991.00*, 227 F. Supp. 2d 1220, 1228 (S.D. Ala. 2002).

Savings and a cash hoard have also been deemed to be an independent innocent source and are not traceable to criminal activity. *See United States v. $ 28,000*, 727 F. Supp. 520, 522

(E.D. Mo. 1989); *United States v. $ 30,670 in U.S. Funds,* 2002 WL 31093587 (N.D. Ill. 2002); *United States v. One Parcel of Real Property,* 648 F. Supp. 436, 437 (D. Mass. 1986).

Mr. Davis has a legitimate source for the money taken from him on January 18, 2007. Mr. Davis got a loan form 1st Franklin Financial Services in the amount of $ 2,306.97 on November 27, 2006. (*See Defendant's Exhibit "B"*). Mr.. Davis received checks from a business that he was involved in. Mr. Davis received a check on September 4, 2006 for $ 1,000.00, a check on November 21, 2006 for $ 3,000.00, a check on October 2, 2006, which does not show a amount, but Mr. Davis claims was for $ 1,000.00. (*See Defendant's Exhibit "C"*). The total of these checks amount to $ 5,000.00. On the date of the seizure, Mr. Davis received his income tax check in the amount of $ 4,920.05, which he cashed. (*See Defendant's Exhibit "D"*). The total of the loan, checks, and refund is $ 12, 227.02.

Mr. Davis has proof of his sources of income. The above mentioned sources are all legitimate sources of income from where Mr. Davis acquired the money and he is entitled to a return of all the money taken.

**D.     Law enforcement never should have stopped Mr. Davis.**

An anonymous tip, without more, seldom demonstrates informant's reliability or basis of informant's knowledge. *Ex Parte Barnette,* 624 So.2d 507 (1993). An anonymous tip can provide reasonable suspicion necessary for investigatory stop, if the tip is sufficiently corroborated by independent police investigation. *Id.* Because the veracity of the person giving the anonymous tip is "by hypothesis largely unknown, and unknowable," *Illinois v. Gates,* 462 U.S. at 237, 103 S.Ct. At 2331, and because ordinary citizens do not generally provide extensive recitations of the basis of their everyday observations, an anonymous tip, without more, seldom demonstrates an informant's reliability or the basis of the informant's knowledge. *See Alabama*

*v. White*, 496 U.S. 330, 110 S.Ct. at 2416-17 (Citations omitted.). Facts and details in an anonymous tip that are easily obtainable and easily predictable do not rise to the standard of reasonable suspicion to justify a stop. *Ex Parte Barnette*, 624 So.2d at 509 (1993).

The Dothan Police Department Offense Report (*See Defendant's Exhibit "A"*) states that Sergeant Jackson contacted Ray Arnold of the DPD and Investigator Miller at 2130 hours and that he, Sergeant Jackson, received an anonymous call to the office that a b/m in a white Chevrolet Suburban and two b/m s in a tan colored Dodge Magnum bearing Alabama Tag 4216FW were making a drug transaction while they were on the phone with him. *Id.* Investigator Miller and Officer Arnold pulled up to the rear of the Holiday Inn and observed the Dodge Magnum with two b/m s on the north side of the building to the rear stopped. *Id.* They also state they noticed a white Chevrolet Suburban behind the Magnum stopped. *Id.* Without any further information, Officer Arnold approached the vehicle and states that a strong odor marijuana was coming from the vehicle. *Id.*

On January 19, 2007, Cpl. Andy Martin signed for an Application And Affidavit For Search Warrant (hereinafter referred to as "application"). (*See Defendant's Exhibit "E"*). Cpl. Andy Martin states and swears that "At approx. 2130 hrs., Sgt Jackson received information from a confidential informant that a drug transaction was taking place in the rear parking lot of the Holiday Inn Express." *Id.* The application also states that "At approx. 2137 hrs., Inv. Arnold and Cpl. Miller arrived on the scene." *Id.* This application was sworn to and subscribed before Judge Brad Mendheim. *Id.*

During the course of this proceeding, counsel for Mr. Davis propounded interrogatories to the Plaintiff. (*See Defendant's Exhibit "F"*). On or about November 21st, 2007, Robert Greenwood, Special Agent of the Drug Enforcement Administration, swore and subscribed to the

interrogatories. *Id.* at Pg. 5. Question number two (2) of Defendant's Interrogatories dealt with information provided about the occurrence that is the subject of this proceeding. *Id.* at Pg.1 and 2. The Plaintiff answered the following to Question number two (2): " This information was received via an anonymous telephone call, which gave information about drug transactions involving the vehicle and the location." *Id.* at Pg. 2. Question number ten (10) of Defendant's Interrogatories addressed the issue of any confidential informants. *Id.* at Pg. 5. The Plaintiff answered the following to Question ten (10): "None."

    Clearly, misrepresentation has occurred by law enforcement. The Dothan Police Report *(See Defendants Exhibit "A")* and the Plaintiff's answer to interrogatories *(See Defendant's Exhibit "F")* state that anonymous caller gave the information, while the application before Judge Mendheim *(See Defendant's Exhibit "E")* states that the information was received from a confidential informant. Both the Dothan Police Report and the application give the same exact time and circumstances, 2130 hrs., when Sgt. Jackson allegedly received the information.

    These misrepresentations raise a host of issues. We have different documents that are sworn by law enforcement with the exact same times, but one has an alleged confidential informant and the other an anonymous caller. In addition, the fact that the Dothan Police Report and the application state the time of approximately 2130 when the information was received, the application also states that at approximately at 2137 Inv. Arnold and Cpl. Miller arrived on the scene and stopped both vehicles. *(See Defendant's Exhibit "E")*. Are we to assume it is possible for the alleged tip to be received by Sgt. Jackson, relayed to Inv. Ray Arnold and Cpl. Miller, who then arrive on the scene and stop both vehicles, all within approximately seven (7) minutes ?

    Law enforcement relies on facts that are easily obtainable by anyone and are trying to use those facts to justify the stop of Mr. Davis and the seizure based on an alleged anonymous tip.

An anonymous tip can provide reasonable suspicion necessary for investigatory stop, if the tip is sufficiently corroborated by independent police investigaltion. Law enforcement could not have conducted an independent police investigation and sufficiently corroborated the investigation within approximately seven (7) minutes. Clearly, the alleged tip could not be used to stop Mr. Davis.

Further, misrepresentations concerning the Dothan Police Department Report, the application, the answers to the interrogatories, and add to the fact that the tip was received, relayed, and both vehicles stopped within approximately seven (7) minutes calls into question the whole process of the events. These misrepresentations raise the issue if there was ever an anonymous tip, if there was any smell of marijuana, and how the residue even got into the vehicle ?

E. **Mr. Davis is entitled to pre-judgment interest and costs if he prevails on summary judgment.**

The Civil Asset Forfeiture Reform Act (herein after referred to as "CAFRA") section 4 (106 Pub. L. No. 185, 114 Stat. 202, 212), and the federal statute now provide for the payment of pre-judgment interest if the claimant prevails. *See* 28 U.S.C. § 2465(b); *United States v. $ 30,006.25 in U.S. Currency*, 236 F.3d 610, 615 (10th Cir.2000).

F. **Mr. Davis is entitled to attorney fees if he prevails on summary judgment.**

CAFRA section 4 (106 Pub. L. No. 185, 114 Stat. 202, 211-12) now specifically provides for reasonable attorney fees in federal forfeiture actions where the claimant substantially prevails in the action. *See* 28 U.S.C. § 2465(b).

## III. CONCLUSION

This action stems from the Plaintiff's misrepresentations and indifference. The Plaintiff relied on outrageous accusations with little or no proof and numerous misrepresentations were found during the course of this proceeding by law enforcement. The circumstances of this case epitomizes the total disregard for Mr. Davis and his rights. Regardless, Mr. Davis has met and proven that no nexus can be established between the money taken and any criminal activity and that he has legitimate sources for the money, along with gross misrepresentations by law enforcement.

For the foregoing reasons, the Defendant asks that you grant all requests for Summary Judgment.

Respectfully Submitted,

_/s/ Dustin J. Fowler_
Dustin J. Fowler (FOW017)
Buntin, Etheredge, & Dowling, LLC
185 N. Oates Street
Dothan, Alabama 36301

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion has been mailed by U.S. First Class Mail, postage prepaid, and/or hand delivered to the following of record on this the 25th day of January, 2008.

John Harmon
United States Attorney
Middle District of Alabama
131 Clayton Street
Montgomery, Al 36101-0197

Dustin Fowler