## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CIVIL ACTION NO.: 2:07-cv-687-MEF** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **APPROXIMATELY TWELVE** | ) | |
| **THOUSAND ($12,000) DOLLARS IN** | ) | |
| **UNITED STATES CURRENCY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT/CLAIMANT'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant/ Claimant's, Mr. Derrick Davis, respectfully submits the following reply to Plaintiff's Brief in Opposition to Defendants Motion for Summary Judgment ("*Opposition*"):

## INTRODUCTION

The Defendant adopts his facts of this case as set forth in detail in Defendant's Motion for Summary Judgment.

## ARGUMENT

### A.    The Summary Judgment Standard

A motion for summary judgment is authorized under federal law. *See Fed. R. Civ. Proc.* 56. It permits a court to make a finding that there is no genuine issue of material fact to be resolved and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Even if an entire case is not capable of being resolved by

summary judgment, the Court is empowered to enter a summary adjudication on those issues. *See Fed. R. Civ. Proc.* 56(d)*; United States v. Route 2, Box 472, 136 Acres More or Less,* 60 F.3d 1523, 1526 (11th Cir. 1995). A summary judgment is based on declarations or affidavits of witnesses with personal knowledge of the facts, and other admissible evidence, including civil discovery responses to interrogatories, depositions, and request for admissions. *See Fed. R. Civ. Pro.* 56(e). A responding party must vigorously defend the motion and not merely deny allegations in the pleadings but present affidavits or other evidence containing specific facts demonstrating that there is a genuine issue for trial, or judgment will be entered against him. *See Fed. R. Civ. Pro.* 56(e). Conclusory assertions and mere denials do not raise genuine issue of fact, and a party opposing summary judgment "must present affirmative evidence." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986); *United States v. One Parcel of Property Located at 15 Black Ledge Drive Marlboro, Connecticut,* 897 F.2d 97, 101 (2d Cir. 1990). To be material, a genuine issue must relate to facts that, if proved, would as a matter of law enable the party opposing summary judgment to prevail on the merits of the case. *See United States v. Real Property in Mecklenburg County,* 814 F. Supp. 468 473 (W.D. N.C. 1993).

**B.      The Defendant currency is not subject to forfeiture as proceeds traceable to a controlled substance.**

Claimant has clearly presented to the district court that defendant currency is not subject to forfeiture as proceeds traceable to a controlled substance. The Plaintiff tries to rely on several facts that they believe connect Mr. Davis to criminal activity, yet they cannot prove any of them have any connection to illegal activity and Mr. Davis.(*Opposition, p.8-9*). The facts asserted by the Plaintiff's are nothing more than accusations from which they have drawn

outlandish conclusions so they can seize money from Mr. Davis.

The Defendant agrees with one fact made by the Plaintiff, and that is the fact that Mr. Davis has not disputed that there were two large plastic gallon size zip-lock bags on the table in Room 247. *Id.* at 8. Mr. Davis was not ever in the room, so he cannot dispute something he knows nothing of. ( *See Defendant's Exhibit "A",* p. 19, L. 17-20). The Plaintiff's claim in their opposition that paperwork was found in Room 249 showing Mr. Davis had rented a storage bin in Dothan, and subsequently, K-9s walked pass the storage bin, and alerted to narcotics. The most convenient thing about this statement is the fact that the Plaintiff left out the part when law enforcement searched said storage bin, and no evidence of drugs were found. *( See Opposition, Exhibit "A",* p. 2).

The Plaintiff relies on the case of *United States* v. *$ 22, 991.00, More or Less, in U.S. Currency,* 227 F. Supp. 2d 1220, 1231 (S.D. Ala. 2002), where circumstantial evidence is a permissible form of proof. While that may be true, the Plaintiff has no evidence or existence of facts that the money taken from Mr. Davis is traceable to any illegal activity.

**C.     Davis has more than established a genuine issue of material fact as to a legitimate source for the defendant currency.**

Mr. Davis has unquestionable evidence that the money seized is from an innocent source. Mr. Davis got a loan form 1st Franklin Financial Services in the amount of $ 2,306.97 on November 27, 2006. *(See Defendant's Motion For Summary Judgment Exhibit "B"* and *See Attached Defendant's Exhibit "A",* p.28, L. 11-23; p. 29, L. 1-4.) Mr. Davis received checks from a business that he was involved in. Mr. Davis received a check on September 4, 2006 for $1,000.00, *(See Defendant's Motion For Summary Judgment Exhibit "C"* and *Attached Defendant's Exhibit "A",* p. 33, L. 23; p. 34, L. 1-16), a check on November 21, 2006 for

$ 3,000.00, (*See Defendant's Motion For Summary Judgment Exhibit "C"* and *Attached Defendant's Exhibit "A"*, p. 36, L. 15-23; p. 37, L. 1-7), a check on October 2, 2006,( *See Defendant's Motion For Summary Judgment Exhibit "C"* and *Attached Defendant's Exhibit "A"* p. 35, L. 4-23; p. 35, L.1-14) and which does not show a amount, but Mr. Davis claims was for $ 1,000.00. *Id.*   The total of these checks amount to $ 5,000.00.  On the date of the seizure, Mr. Davis received his income tax check in the amount of $ 4,920.05, which he cashed.  (*See Defendant's Motion For Summary Judgment Exhibit "D"* and *Attached Defendant's Exhibit "A"*, p. 31, L. 6-13; p. 32, L. 7-18).

First, the Plaintiff questions the veracity of the loan agreement and the fact that Mr. Davis did not present a cashed check of the agreement.  Does the Plaintiff really believe that Mr. Davis would get a loan and not cash the check from the loan ?  Secondly, during the deposition of Mr. Davis, Assistant U.S. Attorney John Harmon even stated the dates of the checks received by Mr. Davis. (*See Attached Defendant's Exhibit "A"*, p. 33, L. 23; p.34, L. 1-4; p. 35, L. 4-20; p. 36, L.18-22; p. 37, L. 1-7). Any reliance to sustain the Plaintiff's position regarding the check dates are clearly misguided.  Finally, Mr. Davis cashed a check from HSBC, which was an advance on his income tax refund.  (*See Defendant's Motion For Summary Judgment Exhibit "D"*).  The Plaintiff argues that since Mr. Davis did not submit the back copy of the check , there is no evidence establishing that the check was cashed on the same date it was issued. (*Opposition*, p. 11).  Clearly, Mr. Davis cashed the income tax check on the date it was issued. (*See Attached Defendant's Exhibit "A"*, p. 31, L. 6-23; p. 32, L. 1-18.)

**D.    Evidence that the Plaintiff relies on is tainted evidence.**

Evidence obtained in the course of a search that violates the Fourth Amendment is inadmissible in a civil forfeiture proceeding. *See U.S. v. $ 172, 760.00,* 2007 WL 4224932, * 2 (M.D. Ga. 2007). However, it is well-established that an illegally seized asset can still be the subject of a civil forfeiture proceeding if the Government can meet its burden of proof with untainted evidence. *See, e.g., United States v. Monkey,* 725 F.2d 1007, 1012 (5th Cir. 1984); *United States v. Eighty-Eight Thousand, Five Hundred Dollars,* 671 F.2d 293, 297-98 (8th Cir. 1982); *United States v. One 1975 Pontiac Lemans,* 621 F.2d 444, 450-51 (1st Cir. 1980); *United States v. $ 8,880 in U.S. Currency,* 945 F. Supp. 521, 524 (W.D.N.Y. 1996); *United States v. $ 144, 600, U.S. Currency,* 757 F. Supp. 1342, 1345 (M.D. Fla. 1991).

An anonymous tip, without more, seldom demonstrates informant's reliability or basis of informant's knowledge. *Ex Parte Barnette,* 624 So.2d 507 (1993). An anonymous tip can provide reasonable suspicion necessary for investigatory stop, if the tip is sufficiently corroborated by independent police investigation. *Id.* Because the veracity of the person giving the anonymous tip is "by hypothesis largely unknown, and unknowable," *Illinois v. Gates,* 462 U.S. at 237, 103 S.Ct. At 2331, and because ordinary citizens do not generally provide extensive recitations of the basis of their everyday observations, an anonymous tip, without more, seldom demonstrates an informant's reliability or the basis of the informant's knowledge. *See Alabama v. White,* 496 U.S. 330, 110 S.Ct. at 2416-17 (Citations omitted.). Facts and details in an anonymous tip that are easily obtainable and easily predictable do not rise to the standard of reasonable suspicion to justify a stop. *Ex Parte Barnette,* 624 So.2d at 509 (1993).

The Dothan Police Department Offense Report (*See Defendant's Motion For Summary Exhibit "A"*)Sergeant Jackson contacted Ray Arnold of the DPD and Investigator Miller at 2130 hours and that he, Sergeant Jackson, received an ***anonymous*** call to the office that a b/m in a

white Chevrolet Suburban and two b/m s in a tan colored Dodge Magnum bearing Alabama Tag

4216FW were making a drug transaction while they were on the phone with him. *Id.*

Investigator Miller and Officer Arnold pulled up to the rear of the Holiday Inn and observed the

Dodge Magnum with two b/m s on the north side of the building to the rear stopped. *Id.* They

also state they noticed a white Chevrolet Suburban behind the Magnum stopped. *Id.* Without any

further information, Officer Arnold approached the vehicle and states that a strong odor

marijuana was coming from the vehicle. *Id.*

On January 19, 2007, Cpl. Andy Martin signed for an Application And Affidavit For

Search Warrant (hereinafter referred to as "application"). (*See Defendant's Motion For Summary

Judgment Exhibit "E"* ). Cpl. Andy Martin states and swears that "At approx. 2130 hrs., Sgt

Jackson received information from a ***confidential*** informant that a drug transaction was taking

place in the rear parking lot of the Holiday Inn Express." *Id.* The application also states that "At

approx. 2137 hrs., Inv. Arnold and Cpl. Miller arrived on the scene." *Id.* This application was

sworn to and subscribed before Judge Brad Mendheim. *Id.*

During the course of this proceeding, counsel for Mr. Davis propounded interrogatories to

the Plaintiff. ( *See Defendant's Motion For Summary Judgment Exhibit "F"*). On or about

November 21st, 2007, Robert Greenwood, Special Agent of the Drug Enforcement

Administration, swore and subscribed to the interrogatories. *Id.* at Pg. 5. Question number two

(2) of Defendant's Interrogatories dealt with information provided about the occurrence that is

the subject of this proceeding. *Id.* at Pg.1 and 2. The Plaintiff answered the following to

Question number two (2): " This information was received via an ***anonymous*** telephone call,

which gave information about drug transactions involving the vehicle and the location." *Id.* at

Pg. 2. Question number ten (10) of Defendant's Interrogatories addressed the issue of any

***confidential*** informants. *Id.* at Pg. 5. The Plaintiff answered the following to Question ten (10):

"None."

Clearly, misrepresentation has occurred by law enforcement. The Dothan Police Report (*See Defendant's Motion For Summary Judgment Exhibit "A"*) and the Plaintiff's answer to interrogatories (*See Defendant's Motion For Summary Judgment Exhibit "F"*) state that ***anonymous*** caller gave the information, while the application before Judge Mendheim (*See Defendant's Motion For Summary Judgment Exhibit "E"*) states that the information was received from a ***confidential*** informant. Both the Dothan Police Report and the application give the same exact time and circumstances, 2130 hrs., when Sgt. Jackson allegedly received the information.

The Plaintiff has now submitted an Affidavit (*Opposition, Exhibit "A"*) in their Opposition which states that Cpl. Andy Martin now received a telephone call from an ***anonymous*** caller. The Plaintiff is attempting to correct the misrepresentations of law enforcement to the detriment of Mr. Davis. The application (*See Defendant's Motion For Summary Judgment Exhibit "E"*) and the Affidavit (*Opposition, Exhibit "A"*) contradict each other. It should also be mentioned that even with all the overwhelming evidence of misrepresentations, the Plaintiff did not even submit an affidavit of Sgt. Jackson to try and clarify said misrepresentations.

All the contradictory material pertaining to law enforcement calls into question the credibility of said law enforcement in this proceeding. For the reasons stated above, all the evidence obtained by law enforcement is tainted evidence and should not be admissible during the course of these proceedings.

### E. The Criminal Charges Against Davis have been dismissed.

All the charges that resulted from this event have been dismissed concerning Mr. Davis. (*See Attached Exhibit "B"*).

## CONCLUSION

For the foregoing reasons, the Defendant asks that you grant all requests for Summary

Judgment.

Respectfully Submitted,

s/ Dustin J. Fowler
Dustin J. Fowler (FOW017)
Attorney For The Defendant
185 N. Oates Street
Dothan, Alabama 36301

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2008, electronically filed the foregoing with
the Clerk of Court using the CM/ECF system which will send notification of such filing to the
following:

Tommie Hardwick
Assistant United States Attorney
Middle District of Alabama
131 Clayton Street
Montgomery, Al 36101-0197

s/ Dustin J. Fowler