IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CIVIL ACTION NO.: 2:07-cv-687-MEF |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| APPROXIMATELY TWELVE ) | |
| THOUSAND ($12,000) DOLLARS IN ) | |
| UNITED STATES CURRENCY ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Comes now the Defendant/Claimant, Derrick Davis, by and through Dustin Fowler, and in response to Plaintiff's motion for summary judgment, submits the following:

### STATEMENT OF FACTS

On January 18, 2007, the Dothan Police Department (hereinafter "DPD") allegedly received information that a black male in a white Chevrolet Suburban and two black males in a tan Dodge Magnum were allegedly involved in a drug transaction in the rear parking lot of the Holiday Inn Express, located at 3071 Ross Clark Circle, Dothan, Alabama.

Upon arrival at the scene, detectives made contact with the claimant, Derrick Davis, the driver of the Magnum. A DPD detective observed a handgun lying on the driver's floorboard. Mr. Davis acknowledge that he had a handgun on the floorboard of the car. Davis also stated he had a gun permit in the car but it was not located.

The DPD allege that the Magnum contained a "strong odor" of raw marijuana, but

the DPD only claim that a residue was discovered. The DPD proceeded to pat down Davis and found a large bulge of money in his pocket from his income tax return. Davis later stated that some of the money came from s business, Club Rio. Davis was then arrested for drug and weapons charges.

The DPD detectives identified rooms 247 and 249 at the Holiday Inn Express as being related to the investigation. On January 19, 2007, a State of Alabama search warrant was executed at each room. The DPD then claim that they brought in a canine ( trained to detect the presence of illegal drugs) alerted to the presence of drugs within the rooms. The DPD claims a strong odor of raw marijuana was in room 249 and a set of digital scales and miscellaneous paperwork was seized therein. The DPD claim that room 249 was rented by Alton Rivers, who they claim is a known drug trafficker in the area, and a criminal associate of Davis, yet they have presented no proof of these alleged allegation more than mere speculation.

The DPD allege that room 247 contained a strong odor of raw marijuana, two large plastic gallon-size zip-lock bags containing marijuana residue, a set of digital scales and two boxes of plastic sandwich bags seized therein. During the search of a closet, three stacks of money were seized from clothing. Two stacks totaled approximately $ 5,000.00 each and one stack totaled approximately $ 4,000.00. Room 247 was rented by Kionne Edwards Johnson, who they allege is a known drug trafficker in the Dothan area, and they allege is a criminal associate of Rivers and Davis.

On or about May 1, 2007, Davis filed a claim asserting ownership of the Defendant currency. Davis has a legitimate source for his currency and the allegations by the DPD and others involved are no more than erroneous statements devoid of the truth.

I.  **DISCUSSION**

   A.  **The Summary Judgment Standard**

A motion for summary judgment is authorized under federal law. *see Fed. R. Civ. Proc. 56.* It permits a court to make a finding that there is no genuine issue of material fact to be resolved and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Even if an entire case is not capable of being resolved by summary judgment, the Court is empowered to enter a summary adjudication on those issues. *See Fed. R. Civ. Proc.* 56(d); *United States v. Route 2, Box 472, 136 Acres More or Less,* 60 F.3d 1523, 1526 (11th Cir. 1995). A summary judgment is based on declarations or affidavits of witnesses with personal knowledge of the facts, and other admissible evidence, including civil discovery responses to interrogatories, depositions, and request for admissions. *See Fed. R. Civ. Pro.* 56(e). A responding party must vigorously defend the motion and not merely deny allegations in the pleadings but present affidavits or other evidence containing specific facts demonstrating that there is a genuine issue for trial, or judgment will be entered against him. *See Fed. R. Civ. Pro.* 56(e). Conclusory assertions and mere denials do not raise genuine issue of fact, and a party opposing summary judgment "must present affirmative evidence." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986); *United States v. One Parcel of Property Located at 15 Black Ledge Drive Marlboro, Connecticut,* 897 F.2d 97, 101 (2d Cir. 1990). To be material, a genuine issue must relate to facts that, if proved, would as a matter of law enable the party opposing summary judgment to prevail on the merits of the case. *See United States v. Real Property in Mecklenburg County,* 814 F. Supp. 468 473 (W.D. N.C. 1993).

    **B.    No Evidence Exists That Establishes That The Defendant Currency is Subject To Forfeiture.**

The Plaintiff attempts to rely on factors that have no proof or basis that Mr. Davis is associated with any criminal activity. The Plaintiff mentions the fact that he was driving his girlfriend's car at the time of his arrest. The mere fact that Mr. Davis was driving his girlfriend's car has absolutely nothing to do with any illegal activity. The Plaintiff then adds the fact that law enforcement noticed a truck with lights on in the parking lot of the Holiday Inn Express near Rooms 247 and 249 and had dry cleaning in it with the name of Alton Rivers on the articles of clothing. Cpl. Brad Cain then preceded to walk his K-9 around the vehicle and it alerted to the presence of narcotics in the truck. The K-9 then walked past room 247 and 249, and the K-9 then alerted to these rooms for narcotics. As a result of the K-9 alert, search warrants were acquired and executed on these rooms.

The Plaintiff alleges that during the search of room 249, the officers located a set of digital scales, dry cleaning receipts with the name Alton Rivers on them, and paperwork showing that Mr. Davis had rented a storage bin in Dothan. Law enforcement then preceded to take the K-9s past the storage bin, and allege that the K-9 alerted to the presence of narcotics. Mr. Davis cannot verify what was in room 249 because he was never in room 249. *(See Defendant/Claimant's Reply To Plaintiff's Brief In Opposition To Defendant's Motion For Summary Judgment Exhibit "A", p. 19, L. 17-20).* The Plaintiff will attempt to rely on the fact that the storage bin paperwork was found in the room with Mr. Davis' name on it as evidence of criminal activity, but that argument is fatally flawed. If we take what the Plaintiff states as truth about room 247, the search of the storage bin undeniable indicates that Mr. Davis is not involved in narcotics. The one item that they find in the room and checked for narcotics is the one thing

that has no evidence of any narcotics whatsoever. Amazingly, the Plaintiff fails to mention the fact that the search of the storage bin contained no narcotics.

The Plaintiff states and alleges that room 247 contained a strong odor of marijuana, two (2) large plastic gallon size zip-lock bags that were on the table that contained marijuana residue, a digital scale, two (2) boxes of plastic sandwich bags, and a total of $ 14,000.00. The Plaintiff has absolutely no evidence that Mr. Davis has anything to do with this room.

The Plaintiff has taken the position that the large sum of money, approximately $ 12,000.00 dollars, seized from Mr. Davis is highly probative to a connection to some illegal activity. The Plaintiff relies on *United States v. $ 121, 000.00 in U.S. Currency*, as the basis for this argument. *United States v. $ 121, 000.00 in U.S. Currency*, 999 F.2d 1503 (11th Cir. 1993). First, the amount of money seized from Mr. Davis cannot be considered a large sum of money, unlike the money seized in *U.S. v. $ 121, 000.00*. The money seized from Mr. Davis is dwarfed when compared to the money seized from the case which the Plaintiff relies. Secondly, in *U.S. v. One Parcel Property Located at 427 & 429 Hall Street, Montgomery, Montgomery County, Alabama, a/k/a G & G Grocery*, 842 F. Supp. 1421 (M.D. Ala 1994), a disagreement was recognized regarding *U.S. v. $ 121,000.00 in U.S. Currency* determining that to "demonstrate probable cause for forfeiture purposes, the government must present evidence furnishing a reasonable ground for belief that a substantial connection exists between the property to be forfeited and an illegal exchange of a controlled substance." *United States v. $ 121, 000.00 in U.S. Currency*, 999 F.2d 1503 (11th Cir. 1993); *See also, U.S. v. One Parcel Property Located at 427 & 429 Hall Street, Montgomery, Montgomery County, Alabama, a/k/a G & G Grocery*, 842 F. Supp. at 1426. The mere fact that Mr. Davis had approximately $ 12,000.00 on him is not enough to establish any illegal activity or any substantial connection to illegal activity.

    **C.**    **The Evidence Establishes That The Defendant Currency Is Not Subject To Forfeiture.**

A claimant need only establish affirmative defenses by a preponderance of the evidence. *See United States v. One Parcel (2526 Faxon Avenue)*, 145 F. Supp. 2d 942, 951. One method of defeating a forfeiture action is by demonstrating that there is insufficient evidence to prove that the property was involved in criminal activity. *See United States v. $ 557,933.89 More or Less in U.S. Funds*, 287 F.3d 66, 77 (2d Cir. 2002). Unless there is a nexus between the seized property and the alleged criminal activity, the forfeiture will fail. *See United States v. $ 30, 060.00*, 39 F.3d 1039, 1044 (9th Cir. 1994).

The facts and evidence of this case support the position that the Defendant currency has no nexus to criminal activity. The Plaintiff argues that the evidence is unauthenticated and unreliable, but that is clearly not the case. Mr. Davis received a loan from 1st Franklin Financial Services in the amount of $ 2,306.97 on November 27, 2006. *(See Defendant's Motion For Summary Judgment Exhibit "B"* and *See Defendant/Claimant's Reply To Plaintiff's Brief In Opposition To Defendant's Motion For Summary Judgment Exhibit "A"*, p. 28, L. 11-23; p. 29, L. 1-4.) A copy of the loan agreement and the testimony of Mr. Davis can certainly verify the existence of said agreement between Mr. Davis and the loan company.

Mr. Davis' received checks from a business that he was involved in. Mr. Davis previously submitted copies of said checks. *(See Defendant's Motion For Summary Judgment Exhibit "C")*. The Defense has now been able to acquire certified copies of said checks. Mr. Davis received a check on September 4, 2006 for $ 1,000, *(See Attached Exhibit "A"* and *See Defendant/Claimant's Reply To Plaintiff's Brief In Opposition To Defendant's Motion For Summary Judgment Exhibit "A"*, p. 33, L.23; p. 34, L. 1-16), and a check on November 21,

2006 for $ 3,000.00 *(See Attached Exhibit "B"* and *See Defendant/Claimant's Reply To Plaintiff's Brief In Opposition To Defendant's Motion For Summary Judgment Exhibit "A"*, p. 36, L. 15-23; p. 37, L. 1-7). Mr. Davis had a copy of a check for October 2, 2006 which does not show an amount but he previously stated the check was for $ 1,000.00; however, that is found to be incorrect. *(See Defendant's Motion For Summary Judgment Exhibit "C"* and *See Defendant/Claimant's Reply To Plaintiff's Brief In Opposition To Defendant's Motion For Summary Judgment Exhibit "A"*, p. 35, L. 4-23; p. 35, L. 1-14). The check for October 2, 2006 was actually for $ 2,655.50. *(See attached Exhibit "C")*. Mr. Davis had more money from legitimate sources than he originally thought. The Plaintiff may now try and argue that Mr. Davis' testimony cannot be trusted because he was mistaken about the amount of the October 2, 2006 check. This argument, if presented by the Plaintiff, is without any merit. The fact that Mr. Davis had more money only helps his position. Mr. Davis was mistaken and the correcting of the mistake only supports his position even further. On the date of the seizure, Mr. Davis received his income tax check in the amount of $ 4,920.05, which he cashed. (*See Defendant's Motion For Summary Judgment Exhibit "D"* and *See Defendant/Claimant's Reply To Plaintiff's Brief In Opposition To Defendant's Motion For Summary Judgment Exhibit "A"*, p. 31, L. 6-13; p. 32, L. 7-18).

    The Plaintiff has stated that it appears that Mr. Davis had absolutely no living expenses, and we agree. The Plaintiff will argue that Mr. Davis provided testimony during his deposition that he had borrowed money to pay "small bills", and we agree with that assertion as well. Mr. Davis had an additional $ 1,655.50 more than originally thought which would easily cover "small bills" and have still have approximately $ 12,000 at the time of said seizure. Mr. Davis had no living expenses, nor any major payments during the course of him saving his money. Given the

fact that Mr. Davis had $ 1,655.50 more than originally thought, his saving and having this amount of money and still paying off "small bills" is most certainly possible.

All the money seized from Mr. Davis is from a legitimate source of income and the Plaintiff has no nexus to establish otherwise.

### D. The Verified Complaint And The Affidavit Of Sgt. Andy Martin Is Highly Questionable

On January 19, 2007, Cpl. Andy Martin signed for an Application And Affidavit For Search Warrant (hereinafter referred to as "application"). (*See Defendant/ Claimant's Motion For Summary Judgment Exhibit "E"*). Cpl. Andy Martin states and swears that "At approx. 2130 hrs., Sgt Jackson received information from a ***confidential*** informant that a drug transaction was taking place in the rear parking lot of the Holiday Inn Express." *Id.*

The Plaintiff has now submitted a sworn affidavit that states "At approx. 2130 hrs., Sgt.. Jackson (who was the Vice Division Commander at that time) received a telephone call from an ***anonymous*** caller in reference to a drug transaction taking place in the rear parking lot of the Holiday Inn Express." (*See Brief And Memorandum Of Law In Support Of The United States Of America's Motion For Summary Judgment Exhibit "A"*).

Clearly, misrepresentation has occurred. Any reliance on the affidavit by Cpl. Andy Martin should be highly questioned.

### E. The Criminal Charges Against Mr. Davis Have Been Dismissed.

All the criminal charges that resulted from this event have been dismissed concerning Mr. Davis. *See Defendant/Claimant's Reply To Plaintiff's Brief In Opposition To Defendant's Motion For Summary Judgment Exhibit "B"*).

## CONCLUSION

For the foregoing reasons, the Defendant asks that you deny all requests for Summary Judgment made by the Plaintiff.

Respectfully Submitted,

s/ Dustin J. Fowler
Dustin J. Fowler (FOW017)
Attorney For Defendant
Buntin, Etheredge, & Dowling, LLC
185 N. Oates Street
Dothan, Alabama 36301

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2008, I electronically filed the foregoing with the Clerk Of Court using the CM/ECF system which will send notification of such filing to the following:

Tommie Hardwick
Assistant United States Attorney
Middle District of Alabama
131 Clayton Street
Montgomery, Al 36101-0197

s/ Dustin Fowler
Dustin Fowler

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CIVIL ACTION NO.: 2:07-cv-687-MEF |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| APPROXIMATELY TWELVE ) | |
| THOUSAND ($12,000) DOLLARS IN ) | |
| UNITED STATES CURRENCY ) | |
| ) | |
| Defendant. ) | |

### NOTICE OF FILING EVIDENTIARY SUBMISSION

The Defendant files the attached, Defendant's Exhibit A, a check dated on September 4, 2006 in support of the Defendant's Response to Plaintiff's Motion For Summary Judgment:

/s Dustin J. Fowler
Dustin J. Fowler (FOW017)
Buntin, Etheredge, & Dowling, LLC
185 N. Oates Street
Dothan, Alabama 36301

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2008, electronically filed the foregoing with the Clerk Of Court using the CM/ECF system which will send notification of such filing to the following:

Tommie Hardwick
Assistant United States Attorney
Middle District of Alabama
131 Clayton Street
Montgomery, Al 36101-0197

/s Dustin J. Fowler
Dustin Fowler

```
                                                                    1006
        UNTOUCHABLE ENTERTAINMENT, LLC
                D/B/A CLUB RIO
                164 S. FOSTER STREET
                 DOTHAN, AL 36301
                                                  Sept 4, 2006    61-8-620

Pay to the order of   Derrick Davis              | $ 1000.00

One Thousand and 00/100                                    dollars

     WACHOVIA                AL
     Wachovia Bank, N.A.
     wachovia.com      09/06/06 51722 0034
for _____                                 [signature]
```



DEFENDANT'S EXHIBIT A

| Account | Date | Amount | Serial Number | Sequence | Status |
|---|---|---|---|---|---|
| 000002000019019828 | 9/6/2006 | $1,000.00 | 000000000001006 | 00000000005060293138 | Posted Items |

Wachovia Bank, N.A. certifies that the above image is a true and exact copy of the original item issued by the named customer, and was produced from original data stored in the archives of Wachovia Bank, N.A. or its predecessors.

Page 1

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CIVIL ACTION NO.: 2:07-cv-687-MEF |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| APPROXIMATELY TWELVE ) | |
| THOUSAND ($12,000) DOLLARS IN ) | |
| UNITED STATES CURRENCY ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF FILING EVIDENTIARY SUBMISSION

The Defendant files the attached, Defendant's Exhibit B, a check dated on November 21, 2006 in support of the Defendant's Response to Plaintiff's Motion For Summary Judgment:

/s Dustin J. Fowler
Dustin J. Fowler (FOW017)
Buntin, Etheredge, & Dowling, LLC
185 N. Oates Street
Dothan, Alabama 36301

## CERTIFICATE OF SERVICE

      I hereby certify that on March 4, 2008, electronically filed the foregoing with the Clerk Of Court using the CM/ECF system which will send notification of such filing to the following:

Tommie Hardwick
Assistant United States Attorney
Middle District of Alabama
131 Clayton Street
Montgomery, Al 36101-0197

                                                  /s Dustin J. Fowler
                                                  Dustin Fowler

UNTOUCHABLE ENTERTAINMENT, LLC
D/B/A CLUB RIO
184 S. FOSTER STREET
DOTHAN, AL 36301

1035
61-8-620

Nov. 21, 2006

Pay to the order of Derrick Wesley Davis      $ 3000.00

Three Thousand and 00/100      dollars

WACHOVIA
Wachovia Bank, N.A.
wachovia.com

for WAGES

Signed: Ashley Davis

⑈000 1035⑈ ⑆062000080⑆ 2000190198 28⑈      ⑈0000300000⑈

DEFENDANT'S EXHIBIT B

| Account | Date | Amount | Serial Number | Sequence | Status |
|---|---|---|---|---|---|
| 000002000019019828 | 11/21/2006 | $3,000.00 | 000000000001035 | 00000000005069230118 | Posted Items |

Wachovia Bank, N.A. certifies that the above image is a true and exact copy of the original item issued by the named customer, and was produced from original data stored in the archives of Wachovia Bank, N.A. or its predecessors.

Page 1

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>APPROXIMATELY TWELVE )<br>THOUSAND ($12,000) DOLLARS IN )<br>UNITED STATES CURRENCY )<br>)<br>Defendant. ) | CIVIL ACTION NO.: 2:07-cv-687-MEF |

## NOTICE OF FILING EVIDENTIARY SUBMISSION

The Defendant files the attached, Defendant's Exhibit C, a check dated on October 2, 2006 in support of the Defendant's Response to Plaintiff's Motion For Summary Judgment:

/s Dustin J. Fowler
Dustin J. Fowler (FOW017)
Buntin, Etheredge, & Dowling, LLC
185 N. Oates Street
Dothan, Alabama 36301

## CERTIFICATE OF SERVICE

      I hereby certify that on March 4, 2008, electronically filed the foregoing with the Clerk Of Court using the CM/ECF system which will send notification of such filing to the following:

Tommie Hardwick  
Assistant United States Attorney  
Middle District of Alabama  
131 Clayton Street  
Montgomery, Al 36101-0197

                              /s Dustin J. Fowler  
                              Dustin Fowler

UNTOUCHABLE ENTERTAINMENT, LLC
D/B/A CLUB RIO
164 S. FOSTER STREET
DOTHAN, AL 36301

1025

Date Oct 2, 2006

Pay to the order of Derrick Davis    $ 2655.50

Two thousand six hundred fifty-five & 50/100 dollars

WACHOVIA
Wachovia Bank, N.A.
wachovia.com

For September Managers Salary

Ashley Davis

⑆000010 25⑆ ⑈06 2000080⑈ 20000 190 198 28⑈    ⑆0000265550⑆

DEFENDANT'S EXHIBIT C

| Account | Date | Amount | Serial Number | Sequence | Status |
|---|---|---|---|---|---|
| 000002000019019828 | 10/2/2006 | $2,655.50 | 000000000001025 | 00000000005163645854 | Posted Items |

Wachovia Bank, N.A. certifies that the above image is a true and exact copy of the original item issued by the named customer, and was produced from original data stored in the archives of Wachovia Bank, N.A. or its predecessors.

Page 1