IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-cv-687-MEF |
| | ) |
| **APPROXIMATELY TWELVE THOUSAND** | ) |
| **($12,000) DOLLARS IN UNITED** | ) |
| **STATES CURRENCY,** | ) |
| | ) |
| **Defendant.** | ) |

## UNITED STATES' RESPONSE TO CLAIMANT'S MOTION FOR LEAVE TO FILE A DISPOSITIVE MOTION

Comes now the United States of America ("United States"), by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and Tommie Brown Hardwick, Assistant United States Attorney, and in response to the Defendant's Motion For Leave To File A Dispositive Motion (Doc. 34), and this Court's Show Cause Order (Doc. 35), submits the following:

On February 27, 2008, the Defendant/Claimant ("Claimant") filed a motion for leave to file a dispositive motion pursuant to Rule 15 and 16(b) of the Federal Rules of Civil Procedure (Doc. 34). This Court's Uniform Scheduling Order set February 8, 2008, as the deadline for "[a]ny dispositive motions, i.e., motions to dismiss or motions for summary judgment...." (Id.) It appears that the basis for Claimant's request for leave to file a dispositive motion is centered around a perceived contradiction Cpl. Andy

Martin's application and affidavit for a search warrant[1], a statement credited to Sgt. Jackson, and the interrogatory of Robert Greenwood, wherein the parties interchange the words "anonymous telephone call [or tip]" and "a confidential informant."

Rule 15 of the Federal Rules of Civil Procedure provides that the court may give leave to amend the party's pleading "when justice so requires." Fed. R. Civ. P. 15. In this instance Claimant is seeking another attempt to argue what he has already argued in three separate documents. First, on January 25, 2008, Claimant filed a motion for summary judgment wherein he argued that there were contradictions in regard to a confidential informant and an anonymous tip. (Doc. 13, at pp. 4, 6-9). Second, on February 29, 2008, Claimant filed his reply to Plaintiff's brief in opposition to defendant's motion for summary judgment, in which he presented his argument that there is a contradiction regarding a confidential informant and an anonymous tip. (Doc. 29, at pp. 6-7). Third, Claimant filed his response to Plaintiff's motion for summary judgment, again presenting his argument of a contradiction regarding a confidential informant and an anonymous tip. (Doc. 37, at p. 8).

Since Claimant has raised the very same arguments in three prior documents, justice does not require this Court to provide Claimant with a fourth opportunity to file an untimely dispositive

---

[1] Cpl. Andy L. Martin is now Sgt. Andy L. Martin.

motion in order to set forth the same arguments previously raised.

Finally, it appears that Claimant is seeking to use the affidavit at issue as a basis to file another dispositive motion. To the extent that Claimant seeks to file a motion based upon the pleadings, which are now closed, he is in affect seeking to file another motion for summary judgment. Rule 12(c), provides,

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(c).

On the other hand, if Claimant is seeking leave of Court to file a motion to dismiss for failure to state a claim, he is in affect seeking to file another motion for summary judgment. Rule 12 (b) provides in pertinent part, that

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, maters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b).

3

This case is presently progressing pursuant to Rule 56, Fed. R. Civ. P., and this Court's Uniform Scheduling Order. Should the Court began this process anew, as Claimant requests, it would circumvent the rules enacted to govern the procedure in civil matters in the United States district courts. Fed. R. Civ. P. 1.

<u>CONCLUSION</u>

For the reasons stated above and to ensure justice and governing these proceedings, Claimant's request for leave of this court in order to file a dispositive motion should be denied.

Respectfully submitted on this 6th day of March, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY


**/s/Tommie Brown Hardwick**
TOMMIE BROWN HARDWICK
Assistant United States Attorney
Bar Number: ASB4152 W86T
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: tommie.hardwick@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 6, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to: Dustin J. Fowler.

                                    Respectfully submitted,

                                    **/s/Tommie Brown Hardwick**
                                    TOMMIE BROWN HARDWICK
                                    Assistant United States Attorney