IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 2:07-cv-687-MEF |
| ) | |
| APPROXIMATELY TWELVE ) | (WO-Do Not Publish) |
| THOUSAND ($12,000) DOLLARS IN ) | |
| UNITED STATES CURRENCY, ) | |
| ) | |
| DEFENDANT. ) | |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

In this action for Forfeiture *In Rem* pursuant to Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., the United States seeks to forfeit and condemn approximately $12,000 in United States currency seized from Derrick Wesley Davis ("Davis") on January 18, 2007. This cause is before the Court on the Defendant/Claimant's Motion for Summary Judgment (Doc. # 13) filed on January 25, 2008 by Davis and the United States of America's Motion for Summary Judgment (Doc. # 31) filed by Plaintiff on February 18, 2008. For the reasons set forth below, the motions are due to be DENIED.

### JURISDICTION AND VENUE

This Court has subject matter jurisdiction over the lawsuit pursuant to 28 U.S.C. §§

1345 and 1355.[1]  Venue is proper in this district pursuant to 28 U.S.C. § 1395 and 21 U.S.C. § 881 because the act or omissions giving rise to the forfeiture occurred in this district and the property is located within this district.

## DISCUSSION

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate

---

[1] Pursuant to 28 U.S.C. § 1345, "the [federal] district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . " In addition, 28 U.S.C. § 1355(a) provides that "the [federal] district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title." 28 U.S.C. § 1355(b) provides *in rem* jurisdiction over this action.

burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. *To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."* Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (emphasis added). A plaintiff must present evidence demonstrating that he can establish the basic elements of his claim. *Celotex,* 477 U.S. at 322. A court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Because there are cross-motions for summary judgment in this case, the Court has considered the facts and reasonable inferences to be drawn from the facts in the light most favorable to the non-moving party as the Court considers each of the motions.

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion. Because of the present procedural posture, this Court cannot and has not engaged in any credibility determinations in deciding this motion.

Although in some respects, this case presents some very close questions, this Court cannot say at this stage of the proceedings that there are no genuine issues of material fact or that either the United States of America or Davis have shown that they are entitled to judgment as a matter of law.  Indeed, many of the material facts appear to be in dispute.  Consequently, the Defendant/Claimant's Motion for Summary Judgment (Doc. # 13) and the United States of America's Motion for Summary Judgment (Doc. # 31) are DENIED.

Done this the 17th day of September, 2008.

                                      /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE